# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CABLECAM PARTNERS, LLC.,**

               **Plaintiff,**

**-vs-**                         **Case No.  6:06-cv-788-Orl-31JGG**

**CABLECAM INTERNATIONAL, INC.,**
**CABLECAM ELECTRONICS, INC., and**
**JAMES RODNUNSKY,**

               **Defendants.**

---

# ORDER

The Defendants seek dismissal of the Complaint (Doc. 2) for failure to state a claim

pursuant to Rule 12(b)(6) or, in the alternative, a transfer to the United States District Court for the

Central District of California due to improper venue.  (Doc. 9 at 1-2).  Defendant Cablecam

International, Inc. ("Cablecam International") filed suit against the Plaintiff, Cablecam Partners,

L.L.C. ("Cablecam Partners"), on May 26, 2006 in state court in California. (Doc. 9 at 4).[1]  In the

California suit, Cablecam International seeks invalidation of a stock purchase agreement with

Cablecam Partners, as well as other equitable relief in regard to that agreement.  (Doc. 9 at 4).  The

Defendants admit that the agreement at issue contains a mandatory Florida forum selection clause

(Doc. 2 at 14), but contend that the clause's inclusion was a mistake.  (Doc. 9 at 3-4).  Cablecam

---

[1]The Plaintiff contends that, as of the June 10 filing of its response to the instant motion, it had not been served with any papers in regard to the California suit, and outside of the allegations in the motion, was unaware of the existence of the California suit.  (Doc. 12 at 1).

Partners filed the instant suit in Florida state court on June 2, 2006, and the Defendants removed it to this Court on June 8, 2006.

Cablecam International claims that Cablecam Partners lacks privity with it and therefore lacks standing to bring a breach of contract claim. Cablecam Partners is not a party to the stock purchase agreement, but an entity called "Cablecam Support Partners" is, and Cablecam Partners contends, in essence, that its name was simply misstated on the stock purchase agreement as "Cablecam Support Partners". (Doc. 12 at 4). At this stage, that allegation is sufficient to provide Cablecam Partners with standing to bring its contract and associated fraud claims.[2]

Turning to the venue argument, the Court concludes that the parol evidence of Defendant Rodnunsky's affidavit (Doc. 10) is not admissible to show that the contract's clear and unambiguous Florida forum selection clause is either invalid or unenforceable. Even if it were, his allegation that the clause he signed off on was simply a mistake is not enough, on its own, to justify transferring this case to California.

In consideration of the foregoing, the Motion to Dismiss or, in the Alternative, to Transfer Venue (Doc. 9) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 11, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[2]Cablecam International also makes a perfunctory, three-sentence economic loss doctrine argument (Doc. 9 at 6 n.2), which the Court denies without prejudice to Cablecam International's right to raise the issue, if it so desires, at summary judgment.